

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

;ROVER SELLERS
TTORNEY GENERAL

Hon. C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-6379
Re: Whether the Controller
of Public Accounts should
pay the salary of the
Judge of the 94th Judicial
District Court of Nueces
County after April 9, 1945,
or July 1, 1945, and another
question.

Your letter of January 10, 1945, requesting the
opinion of this department on the questions stated therein, is,
in part, as follows:

"In view of the fact that the above mentioned
94th District Court will, in accordance with the Act
creating said court, expire and cease to exist as
of July 1, 1945, we would like to receive your opin-
ion on the following:

"Title 6, Art. 199, 94th District Court of
Nueces County, Texas, Vernon's Civil Statutes, pro-
vides in Sec. 10 thereof:

"'The said 94th Judicial District of
Texas shall be composed of Nueces County,
Texas, alone and shall automatically cease
to exist July 1, 1945, and all terms and
provisions hereof shall, upon the expira-
tion of four (4) years from the date this
Act becomes effective, be and become of no
further force and effect whatsoever.'

Hon. C. J. Wilde, page 2

"This Act was filed without the Governor's
signature March 31, 1941, and became effective
April 9, 1941. The Court did not become opera-
tive until August 1, 1941, through the Governor
not having made appointment of a judge until
that date. At the general election in 1942 the
present duly elected judge of said court as
nominee of the Democratic party was duly elected
to office and took the oath of office January 1,
1943.

"Would your department advise the State
Comptroller of Public Accounts to pay the salary
of the judge of said court after July 1, 1945,
and/or April 9, 1945?

"Would I, as Auditor of Nueces County, be
authorized to pay salary of the Official Court
Reporter after July 1, 1945, and/or April 9,
1945?"

House Bill No. 84, Acts of the 47th Legislature,
Regular Session, 1941, is:

"An Act creating the 94th Judicial District
Court for Nueces County; defining its jurisdiction;
adjusting business of the 28th District Court of
Nueces County and the 117th District Court of Nueces
County, with the Court created hereby; prescribing
the duties of the District Clerk with respect there-
to, excluding the Criminal District Court of Nueces
County from the provisions of the Act; providing for
the appointment and subsequent election of a judge;
and fixing the time during which said Court shall
exist; and declaring an emergency."

House Bill No. 84, supra, is: Section 94 of Art. 199,
Vernon's Annotated Civil Statutes. Section 10 of said Act
provides:

"The said 94th Judicial District of Texas shall
be composed of Nueces County, Texas, alone, and shall
automatically cease to exist July 1, 1945, and all terms
and provisions hereof shall, upon the expiration of four
(4) years from the date this Act becomes effective, be
and become of no further force and effect whatsoever."

It will be noted that there is a direct and an irreconcilable conflict between the provisions contained in Section 10, one provision providing that the District shall automatically cease to exist July 1, 1945, and the following provision providing that upon the expiration of four years from the date this Act becomes effective, be and become of no further force and effect, whatsoever.

The Act became effective April 9, 1941. It is stated in Texas Jurisprudence, Vol. 39, page 139:

". . . Where irreconcilably conflicting acts are passed at the same time, or where parts or sections of the same act are in irreconcilable conflict, the act or provision later is position prevails as the latest expression of the legislative will, and repeals the other in so far as there is irreconcilable conflict."

It is stated in the case of Stevens v. State, 159 S. W. 505:

". . . . The different sections or provisions of the same statute or Code should be so construed as to harmonize and give effect to each, but, if there is an irreconcilable conflict, the later in position prevails. Lewis' Suth. on Stat. Const. (2d Ed) § 268, p. 514, citing Ex parte Thomas, 113 Ala. 1, 21 South 369; Hand v. Stapleton, 135 Ala. 156, 33 South, 689; Van Horn v. State, 46 Neb. 62, 64 N. W. 365; Omaha Real Est. & T. Co. v. Kragscow, 47 Neb. 592, 66 N. W. 658. And: 'If the conflict exists between two statutes or provisions, the earlier in enactment or position is repealed by the later.'"

In view of the foregoing authorities, it will be seen that in case of repugnancy between two provisions of the statute, the posterior in position should be given effect as being the later expression of the legislature.

The later expression contained in Sec. 10 of H. B. No. 84, supra, is:

"All terms and provisions hereof shall, upon the expiration of four (4) years from the date this Act becomes effective, be and become of no further force and effect whatsoever."

Hon. C. J. Wilde, page 4

      Therefore, it is the opinion of this Department that neither the District Judge nor the official Court Reporter of the 94th Judicial District of Texas could legally receive any compensation after April 9, 1945.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ra

APPROVED JAN 1945
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN